UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARQUARION HENDERSON,

                Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

                Defendants.

_____/

Case No. 1:20-cv-22

Honorable Janet T. Neff

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Michigan Department of Corrections.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. *See*

MDOC, Offender Tracking Information System (OTIS) – Offender Profile, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=960081 (last visited May 6, 2020). However, at the time Plaintiff filed his complaint, he was incarcerated at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at ICF and the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues the MDOC; as well as ICF employees Warden John Davids; Assistant Deputy Warden Unknown Taylor; Resident Unit Manager Unknown Oversmith; Assistant Resident Unit Manager Unknown Haynes; and Security Classification Committee (SCC) Members John Doe A, John Doe B, and John Doe C.

Plaintiff alleges that on February 14, 2019, he reported to MBP officials that he had renounced a known security threat group (STG) and, as a result, that he was in danger. Plaintiff was not classified to protection during the following month. On March 15, 2019, Plaintiff was assaulted at MBP, and the MBP SCC classified him to protection. Soon thereafter, Plaintiff was transferred to ICF.

Plaintiff was attacked twice after his transfer to ICF. First, Plaintiff was assaulted on August 25, 2019. The following day, August 26, 2019, Plaintiff was stabbed. Plaintiff explained to an investigator on August 30, 2019, that his transfer to ICF did not eliminate the threats the STG posed to his safety, and Plaintiff asserted that he would be attacked again. On the same day, Plaintiff informed the ICF SCC—Defendants Doe A, Doe B, and Doe C—that other inmates had been ordered to kill him. Plaintiff alleges that ICF administration ignored his concerns and requests for protection and instead returned Plaintiff to the general population.

On November 14, 2019, Plaintiff informed Defendant Haynes that he was not safe while housed in general population at ICF. Plaintiff alleges that Defendant Haynes never

responded.  Plaintiff filed a grievance on November 19, 2019, against Defendant Haynes and the

ICF administration for ignoring his requests for protection.

On November 21, 2019, Plaintiff filed a grievance against Defendant Davids "for

ignoring a letter Plaintiff sent Davids over the generation of special problem offender notifications

(SPONS) to ensure that Plaintiff's prior assailants were kept separate[]" from Plaintiff.  (Compl.,

ECF No. 1, PageID.10.)  Plaintiff attempted to submit another grievance on November 25, 2019,

complaining of ICF administration's failure to generate a SPON.  Plaintiff asserts, however, that

the grievance coordinator reported never receiving this grievance.

On approximately December 9, 2019, Defendant Oversmith responded to

Plaintiff's grievances.  Defendant Oversmith acknowledged Plaintiff's concerns but explained that

because Plaintiff had not been attacked since August 26, 2019, Plaintiff failed to demonstrate that

he remained at serious risk in order to justify protection or transfer.  Plaintiff additionally alleges

that Defendant Davids denied at least one of Plaintiff's step-two grievances in which Plaintiff

contended that he needed protection.

Plaintiff's allegations raise claims arising under the Eighth Amendment for failing

to protect and under state law.  For relief, Plaintiff seeks declaratory and injunctive relief as well

as compensatory and punitive damages.

## II.      Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.    Michigan Department of Corrections

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp.*

*v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, the Court will dismiss the MDOC.

## IV.     Eighth Amendment

Plaintiff alleges that his Eighth Amendment rights have been violated because the remaining Defendants failed to protect Plaintiff from STG gang members after he was attacked three times.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cty.*

5

*of Medina*, 29 F.3d 238, 242-43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.")

Upon initial review, Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendants Davids, Taylor, Oversmith, Haynes, Doe A, Doe B, and Doe C.

## V.      Pending Motion

Plaintiff has filed a motion seeking a preliminary injunction (ECF No. 2) in which he seeks either classification to protection or transfer to a facility other than MBP or ICF. As referenced above, at the time Plaintiff filed his complaint he was incarcerated at ICF. According to his OTIS profile, Plaintiff has been transferred to IBC in the time since he filed his complaint.  *See* MDOC, Offender Tracking Information System (OTIS) – Offender Profile, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=960081 (last visited May 6, 2020).  Thus, Plaintiff requests what he has already been provided.  Accordingly, the Court will deny Plaintiff's motion as moot.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Michigan Department of Corrections will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's Eighth Amendment and state law claims against Defendants Davids, Taylor, Oversmith, Haynes, Doe A, Doe B, and Doe C remain in the case.

An order consistent with this opinion will be entered.


Dated:   May 8, 2020                              /s/ Janet T. Neff
                                                  Janet T. Neff
                                                  United States District Judge